930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ciriaco P. PRETENCIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3035.
 United States Court of Appeals, Federal Circuit.
 March 11, 1991.
 
 Before PAULINE NEWMAN, MAYER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ciriaco P. Pretencio appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SE08319010207. The Board denied Mr. Pretencio's appeal from the determination of the Office of Personnel Management (OPM) that he did not qualify for an annuity under the Civil Service Retirement System. We affirm.
 
 OPINION
 
 2
 Mr. Pretencio relies on his service as a school teacher in the employ of the Bureau of Education, Leyte Division, Commonwealth of the Philippines, from July 3, 1939 through April 9, 1945, a period of over 5 years. Mr. Pretencio also points to his service as a clerk for the Department of the Army from April 9, 1945 through September 28, 1947.[1]
 
 
 3
 Only Philippine Insular Government service prior to November 15, 1935 is creditable toward the five year civilian service requirement of 5 U.S.C. Sec. 8333. Federal Personnel Manual (FPM) Supplement 831-1, Appendix C-4 (Rev. September 21, 1981). The Commonwealth of the Philippine Islands was established on November 15, 1935 by the Tydings-McDuffie Act, Pub.L. No. 73-127, 48 Stat. 456 (1934), as a semi-autonomous country generally controlling its own internal affairs. Service with the Commonwealth government after November 15, 1935 is not creditable for annuity purposes since such service is not that of an "employee" of the United States government under the statute. 5 U.S.C. Sec. 8331(1)(A); 5 U.S.C. Sec. 2105.
 
 
 4
 The MSPB correctly held that Mr. Pretencio's employment with the Bureau of Education of the Commonwealth of the Philippines is not creditable civilian service under Section 8333.
 
 
 5
 We need not reach the question of whether Mr. Pretencio's service with the Department of the Army terminated in 1947, as he contends, or in 1946, as was found by the Board. Since Mr. Pretencio does not have the requisite five years of creditable service, it is not controlling whether he was covered under the Civil Service Retirement System during his period of employment with the Army, as required by 5 U.S.C. Sec. 8333(b).
 
 
 6
 We have reviewed the record, and discern no error in the Board's decision.
 
 
 
 [1]
 There is conflicting evidence in the record as to whether the date of Mr. Pretencio's termination with the Department of the Army was September 28, 1947 or September 28, 1946. OPM initially concluded that the termination date was in 1947, based on a Certified Service Record for Mr. Pretencio dated January 2, 1976. However, in its final decision, affirmed by the Board, OPM ruled that Mr. Pretencio's termination was in 1946, based on a Civilian Personnel Action document dated October 11, 1946